**UNITED STATES
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER BRAXTON,                                      Case No.
                                                          Hon.
    Plaintiff,

v.

CARRINGTON MORTGAGE SERVICES, LLC
and GINNIE MAE,

    Defendants.
_____
HOPKINS & ASSOCIATES, P.C.
Crystal N. Hopkins (P70792)
Attorney for Plaintiff
P.O. Box 2141
Royal Oak, MI 48068
(248) 345-3833
crystalh@hopkinsassociateslaw.com
_____

## **COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, Christopher Braxton, by and through his attorney, Hopkins & Associates, P.C., and for his Complaint against the Defendants, states as follows:

### **INTRODUCTION**

Plaintiff brings this action for statutory and actual damages, under the Real Estate and Settlement Procedures Act ("RESPA"), 12 USC § 2506 and MCL § 600.2932.

1. The Real Estate Settlement Procedures Act is a strict liability statute that regulates the behavior of creditors and servicers of federally related mortgage loans. Congress enacted RESPA to "effect certain changes in the settlement process for residential real estate that will result … "in significant reform and modernization of local recordkeeping of land title information." 12 USC § 2601(b).

2. The terms "servicer" is defined as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan.) 12 USC § 2605(i)(2).

3. Plaintiff alleges that Defendant, Carrington Mortgage Services, violated RESPA by failing to comply with 12 USC § 2605(k)(1)(E) by failing to comply with the loan modification provisions of 12 CFR § 1024.41.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff, Christopher Braxton ("Braxton"), is an individual residing at 20961 Beaconsfield Ave., Eastpointe, MI 48021.

5. Defendant Carrington Mortgage Services, LLC ("CMS") is a Delaware corporation with its principal office is located at 1600 South Douglass Road, Suite 110 & 200A, Anaheim, CA 92806.

6. CMS is engaged in the business of servicing residential mortgages. CMS is not a state chartered bank, a national banking association or credit union.

7. Defendant Government National Mortgage Association ("Ginnie Mae") is an association chartered by the United States and its principal office is located at 550 12th Street, SW, Third Floor, Washington, DC 20024.

8. Ginnie Mae is engaged in the business of purchasing and selling mortgages in the secondary mortgage market.

## FACTUAL ALLEGATIONS

9. On or about September 11, 2008, Plaintiff entered into a consumer credit transaction (hereinafter "the transaction") with nonparty Taylor Bean & Whitaker Mortgage Corp. ("Taylor Bean").

10. As part of this consumer credit transaction, Taylor Bean retained a security interest in the subject property. Exhibit A – Mortgage.

11. On or about July 11, 2014, the servicing rights of the subject mortgage were allegedly transferred to CMS from Bank of America, N.A. ("BANA"). Exhibit B – Notice of Assignment, Sale, or Transfer of Servicing Rights.

12. The subject mortgage loan was allegedly transferred to Ginnie Mae on an undisclosed date and time at an undisclosed location.

## CLAIMS

### COUNT 1- VIOLATION OF RESPA, 12 USC § 2605(K) AND (F) AS TO CMS

13. Plaintiff incorporates by reference the previous paragraphs of this Complaint

as it fully set forth in this count.

14. The subject mortgage is a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA).  12 USC § 2602(1) *et seq.*

15. Defendant is the alleged servicer of the subject mortgage within the meaning of the Real Estate Settlement Procedures Act, 12 USC. § 2605(i)(2).

16. Pursuant to 12 USC § 2605(k)(1)(C), a servicer is prohibited from "fail[ing] to take timely action to respond to a borrower's request to correct errors relating to ... avoiding foreclosure, or other standard servicer's duties."

17. Pursuant to 12 USC § 2605(k)(1)(E), a servicer is prohibited from "fail[ing] to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

18. In a letter addressed to CMS and dated October 6, 2015, Plaintiff inquired, pursuant to 12 USC § 2605 and 12 CFR § 1024.35, about CMS' denial of Plaintiff's request for a short sale application. Specifically, Plaintiff requested that CMS send Mr. Braxton a short sale application on or about September 6, 2015 so as to comply with 24 CFR § 203.501. Exhibit C – October 6, 2015 letter to CMS.

19. Upon information and belief, CMS violated RESPA by failing to adequately investigate and correct the following issues regarding Plaintiff's short sale request pursuant to 12 CFR § 1024.35 as follows:

    a. Failing to send Mr. Braxton a short sale application as required by 24 CFR § 203.501, and

    b. Failing to accurately determine whether Plaintiff was eligible to short sale his home during the redemption period.

20. 12 CFR § 1024.35 is a servicing regulation promulgated by the Consumer Financial Protection Bureau ("CFPB") and obligates servicers to comply with 12 CFR § 1024.35 along with the CFPB's other regulations.

21. Borrowers have a private right of action under 12 USC § 2605 and 12 USC § 2605(1)(E) which provides that a servicer is prohibited from failing to comply "with any obligation found by the Bureau of Consumer Financial Protection."

**WHEREFORE**, Plaintiff respectfully prays that this Court:

   A.  Award the Plaintiffs actual damages in an amount to be established at trial pursuant to 12 USC § 2605(k) and (f);

   B.  Declare[1] that the Plaintiffs are entitled to statutory damages and award Plaintiff statutory damages in the amount of $2000 pursuant to 12

---

[1] Pursuant to the Declaratory Judgment Act, 28 USC §§ 2201, 2202.

USC § 2605(f).

C. Award Plaintiff reasonable attorney fees and costs pursuant to 12 USC § 2605(f); and

D. Award such other and further relief as the Court deems just and proper.

### COUNT 2 – VIOLATION OF THE TRUTH IN LENDING ACT, 15 USC § 1641()(1) AS TO GINNIE MAE

22. Plaintiff incorporates the previous paragraphs by reference.

23. Ginnie Mae is the purported creditor for Plaintiff's mortgage loan.

24. The subject mortgage is a "mortgage loan" as defined by 15 USC § 1641(g)(2).

25. The original creditor, as stated in the September 11, 2008 mortgage, is "Taylor Bean & Whitaker Mortgage Corp." *See* Exhibit A.

26. Ginnie Mae is not the original creditor of Plaintiff's mortgage loan, therefore, Ginnie Mae is a new creditor as defined by 15 USC § 1641(g).

27. 15 USC § 1641(g) states in pertinent part,

> **In addition to other disclosures required by this subchapter**, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including –

      (A)   the identity, address, telephone number of the new creditor;

      (B)   the date of transfer;

      (C)   how to reach an agent or party having authority to act on behalf of the new creditor;

      (D)   the location of the place where the transfer of ownership of the debt is recorded; and

      (E) any other relevant information regarding the new creditor. [emphasis added]

28. Ginnie Mae has violated 15 USC § 1641(g) by failing to:

    a. notify Plaintiff in writing of the date of transfer as required by 15 USC § 1641(g)(1)(B);

    b. notify Plaintiff of the location where the transfer of ownership is recorded; and

    c. provide other relevant information regarding the new creditor.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

    A.   Award the Plaintiff actual damages in an amount to be established at trial pursuant to 15 USC § 1640(a)(1) and 15 USC § 1641(g);

    B.   Declare[2] that the Plaintiff are entitled to statutory damages and award

---

[2] Pursuant to the Declaratory Judgment Act, 28 USC §§ 2201, 2202.

Plaintiff statutory damages in the amount of $4000 pursuant to 15 USC § 1640 and 15 USC § 1641;

C.   Award Plaintiff reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3); and

D.   Award such other and further relief as the Court deems just and proper.

Dated: March 4, 2016                                  Respectfully Submitted,

HOPKINS & ASSOCIATES, P.C.

/s/ Crystal N. Hopkins
Crystal N. Hopkins (P70792)
Attorney for Plaintiff
P.O. Box 2141
Royal Oak, MI 48068
(248) 345-3833